### GELDER v. NATIONAL SURETY CO.

(Supreme Court, Appellate Term. February 15, 1912.)

ACTION (§ 69*)—UNDERTAKING—LIABILITY OF SURETIES.

An appeal from a judgment having been dismissed, an action was brought on the bond on appeal. It appearing that a separate appeal had been taken from an order denying a new trial, the sureties' time to answer was extended until after the decision of that appeal. *Held* error, since, if the action was prematurely brought, that fact could be set up in the answer, while, if the reversal of the order denying a new trial would not, under the terms of the undertaking, discharge the sureties, there could be no reason for extending their time for answer.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 744–751; Dec. Dig. § 69.*]

Appeal from City Court of New York, Special Term.

Action by Barney Gelder against the National Surety Company. From an order extending defendant's time to answer, plaintiff appeals. Reversed, and motion for extension denied.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Herbert S. Murphy (Jules H. Baer, of counsel), for appellant.

Amos H. Stephens (Louis Cohn, of counsel), for respondent.

BIJUR, J. Plaintiff having recovered a judgment in the Supreme Court against the International Ore Treating Company, the latter appealed from the judgment, whereupon the defendant in the present action gave an undertaking on appeal, conditioned upon the affirmance of the judgment or the dismissal of the appeal. The appeal was dismissed because of failure of the Ore Treating Company to serve its proposed case on appeal in time, whereupon plaintiff brings the present suit.

The present order appealed from extends defendant's time to answer until two days after service of notice of the entry of an order upon the decision of the Appellate Division on the appeal from an order denying defendant's motion to set aside the verdict and for a new trial in the suit first above named. It appears, although the reason is not explained, that the motion for such an order was made and an appeal from its denial taken separately from the appeal from the judgment.

Plaintiff points out, correctly, I think, that the papers on which the order appealed from was granted are defective; but that is of minor importance, as there appears to be no adequate basis, either at law or in fact, for the order. The present defendant contends that, if the order refusing a new trial in the original action be reversed in the Appellate Division, the undertaking (on which the present suit is brought) will be discharged. If such be the terms, whether express or implied, of the undertaking, there is no reason why that fact may not be set up in the answer in the present suit forthwith. It would be tantamount to a pleading that the present action is prematurely brought, in view of the appeal pending from the order refusing a new trial, and, if the plea is well grounded, can be made as effectively now as at any other time. If, on the other hand, the undertaking will not be discharged by the reversal of the order denying the new trial, then the matter sought to be set up in the answer would be immaterial and irrelevant, and surely the time to serve such an answer should not be extended.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs, with leave to defendant to serve its answer within six days of a copy of the order entered herewith, with notice of entry. All concur.